The first case on for oral argument is United States of America v. Virgil Sever Santa, case number 17-10433. Each side has 10 minutes. Before we start running the clock, this is a government appeal and there are just a couple of things that make the procedural posture a little bit different. I see that Mr. Reichel, you're seated at council table and perhaps you can just come to the podium for a second. So my understanding of, we've had some, there have been contacts between the court and the parties in terms of that initially you took no position at the district court, is that correct? That is correct. And you aren't planning to argue today, but you will answer any of the court's questions or what, why are you here? Because, yes. Ms. Espinoza suggested I attend. And we do take no position because of attorney-client issues, trial strategy, work product as well. I think that will come out in the government's argument about the facts that are in dispute. So, again, we take no position. And I'm here to answer questions if needed, but we don't have a position on it. Otherwise, if we don't have any questions, we'll just hear from the government. And I suppose if you felt compelled to get up, you could. But otherwise, we'll all, I'll touch base with you before we conclude argument or if my colleagues have any questions. That was my plan. Thank you, Your Honor. Okay. Thank you. All right. Then we're ready for the government. And so, I mean, I guess essentially you have ten minutes. And since they don't plan to argue, then you have ten minutes. But if it turns out that they say certain things, then we'll all adjust appropriately to make sure that the court's questions are answered. Yes. Thank you, Your Honor. May it please the Court, Amanda Beck, appearing on behalf of the United States. Your Honors, in this case, a criminal convict faked her own death, fled in the night, and then remained at large for more than a year before she was returned to serve her federal sentence. We have limited time, and I'm pretty familiar with the facts. I have a number of questions I'd like to ask. Yes, Your Honor. First, what was the evidence of Sonta's knowledge that was presented in order to get the indictment or was the basis for your indictment? Your Honor, I'm not sure that I can reveal what happened in the grand jury proceedings. Well, I understand that. You can't reveal. But I guess I'd just like to know what's your evidence of knowledge. Generally speaking, to meet the probable cause standard, we had the evidence of an executed arrest warrant that was on a public docket. We had the history of Mr. and Mrs. Sonta being married for a very long time, the fact that Mr. Sonta was found with Mrs. Sonta. There's other evidence. Circumstantial evidence. Yes, Your Honor. So you felt comfortable going forward on that. You had to know that your burden of proof at the time of trial was going to be beyond a reasonable doubt, correct? Yes, of course, Your Honor. And so I assume you would have not brought the case unless you thought you could prove your case beyond a reasonable doubt. We do believe that we can prove the case beyond a reasonable doubt. Then if you can, then why is this information so critical to you? Because it appears that you have certified that it is of substantial importance to your case, which you've met the certification standard, but just have some question. And then second, I guess the answer to that would also respond to why this would provide good cause, because I'm not sure I understand your basis for being here appealing this decision today. So first, Your Honor, regarding why the information is so important, as you've read in the court in the cases, it is extremely rare for the government to have access to direct information that shows the defendant's knowledge of the arrest warrant. In this case, we believe that the pretrial services officer can provide that direct evidence. And regardless of where our case started— No, Your Honor. We don't. We haven't been permitted to find out. But yet you say it's critical even though you don't know the answer. That's really a unique posture to be in and rarely one that I've seen ever before by the government when they don't even know what the response is. I understand the tension that Your Honor is addressing. We believe that we can prove our case based on circumstantial evidence. But from the moment we begin a case through the end of trial, we don't stop investigating. And in this case, we don't find that there is a reason to exclude this information from the government or from the jury. But it's a phishing expedition, then. There is information in the — not in the record that leads us to believe that the pretrial services officer will answer in the affirmative. But regardless — Well, it sounds like is that it's — okay. What are the elements of the offense that you have to prove? We have to prove that the defendant assisted his wife in avoiding her capture, that he was aware that she was a fugitive, and a few other elements. But obviously the one here that is at issue is whether he had knowledge specifically of her fugitive status. Okay. So if the — it's at the pretrial services officer. If that person were to have told — I'm saying hypothetically. If the person were to have told Mr. Santa, the husband, that she's a fugitive and we're issuing a warrant for her arrest or whatever, then that would be direct evidence that he had knowledge. Yes, Your Honor. So if I assume that, if hypothetically, if that's what the evidence is — now, I'm assuming that your argument — you know, Judge Murguia has questioned you, saying you should — you know, obviously all prosecutors know they shouldn't bring a charge unless they can — they're convinced that the person is guilty beyond a reasonable doubt, because otherwise that would be a dereliction of your duty. And that would also include what you — I'm — I don't know if you're making this argument. You're — I heard you just say that, yeah, we think that we can with or without, but we do think that it is important evidence and it would be more evidence. And don't tell me how to try my case. That — don't tell me that I don't really need this because I don't really — you know, you can do it without it. Is that what you're basically saying here? I mean, I'm putting it pretty bluntly. Yes, Your Honor. We never stop investigating. This would be direct evidence of an element of the crime. We would like to admit it. There's not a reason to exclude it. Okay. But it would be one thing — it would be one thing if it wasn't confidential information that you're seeking, in which has been — you know, in terms of the regulations here has explicitly stated that this kind of information the court has to value and protect because it is so core — of core importance to the administration of these types of proceedings. For the court, this officer is actually an extended agent of the court. So someone presumably would not be trying to tell you how to try your case if it wasn't apparently, in my view, precluded or excluded from — based on these rules, these pretrial services rules. I understand Your Honor's position. We respectfully disagree. We don't believe that this is confidential information because — Well, you would concede it's confidential — that the communications with the missus, the one that faked her death and went on the lam. Okay. But that's not the defendant here. So you would concede that her communications with her pretrial services officer are confidential because we — that's — and is it your position that the statute would clearly cover it to her, but it doesn't — but he doesn't get to be swept in under that privilege? Is that what — is that what you're arguing? Very close, Your Honor. We would not say that the pretrial services notification to any person that there was an arrest warrant issued for that person should be confidential. That's a reporting of a routine court procedure, and it should be open to inspection because that person is an officer of the court, and we should know when they are relaying the rules of the court to someone else. But — I'm going to go at this different. What are we here for? You're appealing a motion to quash, right? It wasn't phrased, no, as a motion to quash. There was no motion to quash. Well, but the only way that the judge can say you can testify or not is they quash the spina, or they don't. Actually, Your Honor, the court ruled that the evidence was inadmissible based on her analysis. Except for impeachment, though. I understand what the court did. Yes, Your Honor. I understand what the court did, but I'm trying to figure out why it came before me. It's either a motion to quash or it isn't. There was no motion. I mean, it seems to me that in order to get it in front of me, I've got to have some standard of review. We didn't even argue about what the standard of review for me to review this on. The government — We're not talking about whether the admissible — whether the evidence is admissible or not. We're talking about whether we should have this Court's ruling undone. So what's the standard of review? The standard of review here is de novo review, Your Honor. Why is it de novo? Because the court based her ruling excluding the pretrial services officer's testimony, except with regard to impeachment, based on her interpretation of the statute and the regulations. That's 18 U.S.C. section 3153C.3. Yes, Your Honor. I guess the worry that I have about that is I don't see that the standard. I see we've got a motion to quash here. The testimony was quashed. We don't allow it to happen. So you're up on having me decide the district court's determination whether the testimony ought to be quashed or not? Well, Your Honor, I don't know what to tell you, except the defendant filed no motion, took no position in the lower court. I understand. And neither did you file anything in front of me as to why I ought to review this. Alternatively, if Your Honor does not believe that this should be a de novo review, we would suggest that the court consider, under the Hinkson standard, whether the district court announced the proper rule to use to exclude this testimony and then apply it. Well, under the Hinkson standard, I would use implausible, illogical, or without support in inferences that may be drawn from the facts in the record, right? Once you decide whether she applied and identified the appropriate rule, which the government does not believe that she did. And the rule here is the statute regarding confidential information, is that correct? I mean, which is defined as information obtained in the course of performing pretrial services function in relation to a particular accused. And the reg that explains that says information obtained and developed. Yes, Your Honor. So this pretrial service officer seems, in their phone call, was obtaining information, developing information. That clearly seems to be covered under the confidential provision. I see my time has expired. Keep going. We're asking questions, so it's okay. Your Honor, we respectfully disagree. We're not interested in information that this pretrial services officer developed or obtained during interviews with the defendant. But it is information. If it is information that the officer obtained or developed, it's covered by the confidential information definition. So tell me, just go with me, how do you get around that? Well, first of all, we believe this is a notification of a court procedure, not obtained or developed. Therefore, it doesn't fall within the definition of pretrial services information. But the information you want is what the officer told a family member of a supervisee and what the family member told the officer. No, Your Honor. We only want the first part of what you said. Well, either way, why isn't that covered? Because she's working. What was the purpose of her call? The purpose, well, theoretically, we would say the purpose of her call was to tell the there was a warrant for his wife's arrest. To answer your question in another way, the fact of this warrant also became a matter of the public court docket. And under the definition of pretrial services information, information appearing in the public court records are not considered confidential or pretrial services information. If it was information that was appearing in the court records, then you could use that. But you want the conversation. You want what she said. Yes, we do. I'm not quite sure that that's, well, maybe we have a difference of opinion on how to Well, I guess that what, yeah, we probably do have a difference of opinion. And we're kind of fitting, putting all of that out there. But if my understanding is there isn't any case law, and I think Judge Mueller was in the position at the time that she was interpreting this, that no one's really disputing that anything relative to, I don't know if it was Mrs., is it Mrs. Santa, or if Mrs. Santa, that no one's really disputing that her handling of Mrs. Santa, that that was all part, would come under 3153C, right? Yes, Your Honor. So the question is, is there any case law out there either way that tells us, so we're saying we're establishing like a privilege there. Is there any case law out there otherwise that other people get to assert the privilege beyond the, what I guess you would call it, the person that's being supervised or the person that's under pretrial services? No, there is absolutely no case law that we could find. Either way. The only thing we could find regarding a family member or a third party member is the Stevens case, which we cited in our briefs, which mentions that the defendant here, in this case Mrs. Santa, may have some interest in her family members having a measure of confidentiality with pretrial services, but the court said that in dicta. It was the Third Circuit. They didn't explain why or how a defendant would have such an interest. The facts of the case seem to say that the defendant might have such an interest because they don't want their inconsistent statements. Okay. So the judge here said that it could be used for impeachment, and I'm assuming that I'm just sort of playing out the scenario that Mr. Santa would get up on the stand and say, I had no knowledge of the fact that Mrs. Santa was a fugitive. And then, voila, whatever the statement is out there that no one seems to know, then he doesn't get to say that with in your case in chief to say, I want to present a stronger case in terms of as far as that I don't want to wait for Mr. Santa to lie, or, and Mr. Santa could choose not to take the stand as well. But is anywhere, did the judge, the district judge, so since no one seems to know exactly what this statement is, and we're all surmising based on our own how this would come about, did the district court ever in Lemony review this? Or, because I don't think we have anything sealed that, so, because if the district court had, so I'm assuming what the district court was saying, if it comes up in trial, then you can run up to the bench the moment that Mr. Santa said, I knew nothing about it, and say, oh, and then the district court then would go in camera and decide whether there was an impeachable statement there. But the district court allegedly, as far as we know, is only guessing what it is. We're all guessing at this point. I don't know. Kind of guessing with some experience. We don't know whether the pretrial services officer made this notification or not. My impression was that the district court ruled specifically on the statute and the regulations without. So is the pretrial service officer afraid to talk to you because of the statute and wants either permission, wants a ruling on what the pretrial services officer can say either to you or Mr. Reichel? Is that right? We have a very good relationship with pretrial services. I don't think that this officer is afraid, but I do think that she feels. Well, not afraid, but I mean, is, is, because there isn't anything specifically out interpreting this statute as to what is the breadth of the privilege here. The regulation. The regulations prevent her from honoring a subpoena without the judge giving her the go ahead. So this would all be fair game in your view, anything that a pretrial service officer says to a provisee or a family member, the U.S. attorney's office could then use to tighten up its case before trial. No, Your Honor. Not at all. How is that not what you're doing here? Here, what we're interested in is a notification of a... I know, but you're saying that's fair game because it's not confidential. Yes. So then anything that the officer says, I mean, taking your interpretation, that would be true. No, Your Honor. We would believe that any information that a pretrial services officer communicates that repeats confidential information that she has received from the defendant, from another family member, anything that falls within the confidentiality statute is... Well, obtaining and developing information, you know, we don't know what the officer says, but Judge Mueller looked over everything and made a determination that the confidentiality is more important than whatever reason that you presented. And it seems that the statute underscores the confidentiality, the regs underscore the reason, the important reason for the confidentiality, and my best take on your argument is that, well, even if it's in just this circumstance, but it sounds like it could be used based on your reason, that whatever the pretrial service officer said is all we want, and that doesn't fall within the confidentiality agreement. Well, aren't you saying that a warrant for the arrest was issued? Yes, we are saying that a warrant for the arrest was issued. We know that because it was on the docket. You want to restrain me? All I'm saying is I'd like to have her answer that question. I know what you may want to say, but I'd really like to hear her answer. So, Your Honor... You can do whatever you want, but I'd like to hear her answer. Thanks. Our answer is threefold. We don't believe it's confidential information because it wasn't developed or obtained. It also went on the public docket, which under the very definition of pretrial services information... What the officer told that person did not go on the public docket. What we are interested in is what went on the public docket. I'm going to request... Well, then go to the public docket. We need to... We would like to show that she told the defendant that there would be or was the warrant. That's not on the public docket. It is a matter of public information. What the officer told that person is not on the public docket. You're correct? Correct. What we want is the result of what she told him is on the public docket. I'd like to address... Well, then you have that. You have what's on the public docket. That's part of your circumstantial case. I'm not quite sure why you want to pierce this confidentiality provision. So, Your Honor, once again, we don't believe it's confidential, but assuming it is, we believe we have a very good, good cause case, and here's why. There was no promise of confidentiality to the source of this information, which was the pretrial services officer herself. There is no harm to anyone for releasing this information. The objective of the confidentiality statute is to protect the relationship between the officer and the person who is supervised. Here, that relationship is over because the supervisee is in Federal prison. And finally, the last element is that the purpose of the disclosure here is important. It would allow the government to prove a very difficult element in a case that's related to flight. You're saying you could not prove it otherwise. I'm not saying that. Well, that's what you just said. It would allow the government to prove a very important element. It certainly would help the government prove. It would be additional evidence. It would probably be the most convincing evidence because it's the only direct evidence that we will ever have. And you – the case should have never been brought if you didn't think you could prove it beyond a reasonable doubt. Your Honor... Yes or no? We do believe we can prove it beyond a reasonable doubt. That's the end of the inquiry, then. We would have a difference of opinion there because the government never stops investigating. We want to bring the best case that we can. And here, Your Honor, to not allow the disclosure of the information allows a criminal defendant to do exactly what Congress didn't want him to do, which is to shield himself under a confidentiality provision dishonestly in a case that involves the flight of a person who is under supervision. There's no reason if somebody goes away without telling somebody and absconds, they should be prosecuted. That's what you're doing. And if somebody was shielding somebody from being found, they should be prosecuted. That's what the charge is against Santa. Is that correct? Yes, that he harbored her, that he assisted her. Right. But you have to do it with evidence that you develop in the course of the case. And you have to do it with evidence that you bring to the grand jury that establishes at the minimum probable cause, but that the prosecutor knows that they can show and prove beyond a reasonable doubt to a jury. And I'm just wondering why we're having this discussion at this point in time. So our position, Your Honor, is that there's no reason not to admit this information. Our view is that it's not confidential. Even if Your Honor disagrees, we have a good cause argument for having a disclosure here. Because there's no harm, there's no harm to any particular person, no harm to the relationship. There is harm to the confidentiality. But I guess, you know, we can just let it go. I guess that's the reason I focused on the standard of review. Yes. You made those arguments, didn't you, to the district court or to the judge? The good cause argument, Your Honor. No, we weren't in a position to do that. The good cause provision is only included in the regulations for pretrial services. Those are confidential. We requested a copy before we went to our hearing, and we're denied that. So are you asking us to send it back and give the judge another chance? No, we're asking you to apply de novo review and find that the statute and the regulations— Well, if I don't believe it's de novo review— Uh-huh. Well— Then at that point, I'm going to decide whether it's implausible, illogical, or without support in the inferences. And that's why I ask you the question. Yes, Your Honor. So we believe that this is an illogical conclusion because the statute and the regulations itself allow for an exception for this information in a case that involves the flight of the defendant. In this case, obviously, we're not charging the failure to appear, but that crime to which Mrs. Santa has already pled guilty is so inextricably intertwined with the case that we are bringing now that it would be illogical to exclude this information from a case against Mr. Santa when we would be able to admit it against Mrs. Santa. Furthermore, we do believe that before you reach the question of whether the conclusion was illogical or implausible, Hinkson requires you to examine whether the trial court identified and applied the legal rule. And here, we don't believe that she did. She didn't make a finding on whether this information was, in fact, pretrial services information. She just said it was unclear. And secondly, she didn't apply the good cause justification that we've brought forward now, that we have access to the regulations. Without you even arguing it, she was to apply it? Yes. Yes, Your Honor, because the facts— My worry is about this. First of all, it comes to me, and I'm just trying to get—that's why I'm asking the questions. This comes to me without even thinking about what is the standard to review. In my book, it wasn't really put in your briefs what the standard to review is for me to decide this question. And so, therefore, I look for that, and that's why I ask you the question. Then if I find the standard, then I'm trying to apply it. That's why I've asked the question. I appreciate your answers. That's all I wanted. Okay. Thank you, Your Honor. Is there anything else? I know I'm over time. I'm glad— I don't know. Do you have any other questions? No. Thank you. I guess, Mr. Reichel, was there—did any of the colleagues have any questions they wanted to ask of Mr. Reichel? No. All right. Thank you for appearing, and thank you both for—thank you for your silence, and thank you for your argument. Thank you. This matter will stand submitted. Thank you, Ms. Beck.
judges: Callahan, N.R. Smith, Murguia